## INHABITANTS OF WEST NEWBURY *vs.* INHABITANTS OF BRADFORD.

A person, although he has no settlement within the Commonwealth, does not acquire a settlement in a town by residing therein ten years together, and paying taxes for five of those years, if he receives aid as a pauper, from such town, before the expiration of the ten years.

ASSUMPSIT to recover pay for supplies furnished by the plaintiffs, in 1840, to the wife and four children of Wm. Patten, paupers, whose settlement was alleged to be in Bradford. The only question in the case was, whether said Patten, the husband and father of the paupers, had a settlement in West Newbury. This question was submitted to the court on the following facts agreed :

In the year 1838, said Patten was an inhabitant of West Newbury, but had not resided there ten years together ; and he had no settlement in this Commonwealth. In August or September of that year, he applied to the overseers of the poor of that town for aid, and they directed one Carr and one Bayley to

* See *Den* v. *Bolick*, 1 Iredell, 244.

supply him and his family with necessaries to a certain amount, which they did.    In November following, said Patten himself paid Carr and Bayley for said necessaries.

At the time when the supplies, which are the subject of this suit, were furnished, said Patten had resided in West Newbury for the space of ten years together, and had paid all taxes duly assessed upon him for five years within said time, viz. the county and town taxes for the years 1831, 1832, 1834, 1835, and 1836.

The wife of said Patten, at the time of her marriage, had her legal settlement in Bradford.

Defendants to be defaulted, or judgment to be rendered for them, according to the opinion of the court on the foregoing facts.

*Lunt,* for the plaintiffs, relied on *East Sudbury* v. *Waltham,* 13 Mass. 460, and *East Sudbury* v. *Sudbury,* 12 Pick. 1.

*Hills,* for the defendants.    The cases cited for the plaintiffs only decided that a person does not gain a settlement in the 4th or 12th mode provided by Rev. Sts. *c.* 45, § 1, by residence, &c. in a town during a certain time, if he, before that time expires, receives aid, as a pauper, from the town in which he has a settlement, or aid for which such town is chargeable.    Those decisions do not apply to the case at bar, where the person who received aid from the plaintiffs had no settlement in the Commonwealth.    They rest on the ground that it is the duty of a town, on receiving notice that one who has a settlement therein, but is residing in another town, has become chargeable, to remove such person, and cannot, after neglecting that duty, rely on his residence in the other town.    *Mount Washington* v. *Clarksburgh,* 19 Pick. 297.    *Brewster* v. *Dennis,* 21 Pick. 237.

SHAW, C. J.    The court are of opinion, that whilst Patten was receiving relief as a pauper, in West Newbury, he could not be acquiring a settlement in that town by a residence of ten years therein and paying taxes five years of the ten, according to the Rev. Sts. *c.* 45, § 1, clause 12th.    *East Sudbury* v. *Waltham,* 13 Mass. 460.    *East Sudbury* v. *Sudbury,* 12 Pick. 1.

In the case of *Mount Washington* v. *Clarksburgh*, 19 Pick. 297, a doubt was expressed whether this rule would apply to a case where the person has no other settlement within the Commonwealth :   And it was suggested that a leading reason for the rule was, that, as a pauper, he might, and, by the general policy of the law, ought, in such case, to be removed to the town of his settlement.   Such is undoubtedly one reason, and a very important one, but not the sole one.   Another is, that whilst receiving relief as a pauper, he is not in a condition to perform those duties of a resident inhabitant and efficient member of the community, which the law contemplates as the ground of his right to a settlement from ten years residence and payment of taxes for one half of those years.   The law supposes an ability to perform municipal duties which are inconsistent with the dependent condition of a pauper.   One test is, to ask whether if a man is a pauper, receiving assistance from the public, a greater part of the term of ten years — which he may be, and yet pay some small tax five of those years — this could have been intended by the legislature as sufficient to constitute him a settled inhabitant.   We think not.

We are therefore of opinion, that William Patten did not acquire a settlement in West Newbury ; from which it follows, that his wife still retained her settlement in Bradford, and communicated the same to her four children.

*Defendants defaulted*